**ESTATE OF Rose HIMELSTEIN, Mandel Himelstein and Eugene Himelstein, Beneficiaries of Land Trust No. 14–03443, Plaintiffs–Appellants,**

v.

**CITY OF FORT WAYNE, INDIANA, Benjamin Eisbart, Mark Giaquinta, Vivian Schmidt, Sam Talarico and James Stier, Defendants–Appellees.**

No. 88–1667.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1989.

Decided March 28, 1990.

**574**

Mark J. Thompson, Ronald E. James, Benson, Pantello, Morris & James, Fort Wayne, Ind., for plaintiffs-appellants.

Robert L. Thompson, Peebles, Thompson, Rogers & Skekloff, J. Timothy McCaulay, Stanley A. Levine, Levine & Lerch, David B. Keller, Baker, Daniels & Shoaff, Fort Wayne, Ind., for defendants-appellees.

Before CUMMINGS, CUDAHY, and FLAUM, Circuit Judges.

CUDAHY, Circuit Judge.

The Himelsteins sued the City of Fort Wayne, Indiana, together with the members of the Fort Wayne Common Council, for the deprivation of their constitutional rights in violation of 42 U.S.C. § 1983 in connection with the Common Council's decision to challenge the rezoning of the Himelsteins' land. Magistrate Lee dismissed the Himelsteins' claims on ripeness and legal sufficiency grounds. We affirm.

### I. Facts

In January of 1981, the Fort Wayne Plan Commission presented a zoning petition to the Fort Wayne Common Council seeking to reclassify the Himelsteins' property from a "residential agricultural" zone to a "regional shopping center" zone. The Common Council accepted the petition as sponsored by the Plan Commission and referred the petition back to the Plan Commission for a more formal recommendation. The Plan Commission held a public hearing and recommended to the Common Council that the petition be approved. In February of 1981, the Common Council voted 5 to 4 against the rezoning petition. The presiding officer of the Common Council returned the ordinance to the Plan Commission for reconsideration, as required by the Indiana Code. Later, the Common Council attempted to block reconsideration of the petition by ordering the city clerk to retrieve the relevant documents from the Plan Commission. The documents were never retrieved.

In February of 1981, the Plan Commission again voted in favor of the rezoning petition, and resubmitted the petition to the Common Council. In March, the Common Council tabled the petition and took no further action on the matter. Apparently, the Plan Commission and the Common Council were stalemated on how the Himelsteins' property should be zoned and developed and on who had the final authority with respect to zoning decisions. The relevant Indiana zoning laws had recently undergone significant revision. This dispute prompted the Common Council to file suit in the Indiana courts against the Plan Commission, asking for a declaratory judgment that its rejection of the zoning petition constituted a final rejection of the proposed rezoning. In addition, the Common Council sought to enjoin the Plan Commission from approving any final development plans for the disputed property.

An Indiana circuit court held that the proposed rezoning petition became final 120 days after it was first rejected by the Common Council. Thus, the Himelsteins' property became rezoned, by operation of law, as of June 13, 1981. The Common Council appealed this decision, which was affirmed by the Indiana Court of Appeals.[1]

---

1. The Indiana Court of Appeals explained that [w]hen the council originally rejected the proposed [zoning petition] it was required to return the matter to the advisory plan commis-

sion ... When it did so the advisory plan commission had forty-five (45) days within which to act, or the rejection by the council would have been final. The advisory plan

The Indiana Supreme Court denied the Common Council's petition to transfer the case. The Himelsteins maintain that, even after the Indiana Court of Appeals affirmed the rezoning of their property, the Fort Wayne Common Council refused to issue building permits for the development of the property as a regional shopping center. As a result, a developer who had held an option on the property allegedly abandoned a plan for its development, thereby causing the Himelsteins significant financial loss.

The Himelsteins sued the City of Fort Wayne and the members of its Common Council (in both their official and individual capacities) [collectively, the "Common Council"] for the deprivation of their constitutional rights in violation of 42 U.S.C. § 1983. The complaint alleges three constitutional violations. First, the Himelsteins claim that the Common Council's failure to acknowledge the rezoning of their property and its refusal to issue building permits constitutes a temporary, regulatory taking of their property without just compensation in contravention of the Fifth and Fourteenth Amendments to the United States Constitution (and Article I of the Indiana Constitution). The Himelsteins also allege that their property was taken without due process and that their right to equal protection was violated by the Common Council. The defendants filed a motion to dismiss which was heard and granted by a United States magistrate on ripeness and legal sufficiency grounds. We affirm.

## II. Analysis

We first address the Himelsteins' claim that the United States magistrate who heard their case used an inappropriate standard in ruling on the Common Council's motion to dismiss. The Himelsteins contend that "the standard to which [their 42 U.S.C. § 1983 claim] should have been

held was whether or not they had alleged that some governmental official acting under color of state law deprived the claimant of a federal right." Appellants' Brief at 24. We think that this contention is not incorrect as far as it goes, but it needs elaboration.

A § 1983 claim does, indeed, require an allegation that some state actor deprived a plaintiff of a federal right. But, in order to state such a claim sufficiently, a plaintiff must allege facts that, if believed, would show that a federal right was actually violated. 42 U.S.C. § 1983 confers no substantive federal rights; rather, it is a remedial provision designed to afford redress for state deprivation of federal rights. Hence, no § 1983 action can be maintained until a federal right has actually been violated. Accordingly, we must turn to the constitutional allegations of the Himelsteins' complaint in order to assess whether they actually allege the deprivation of some constitutional right.

### A. The Himelsteins' Takings Claim

The Himelsteins contend that the Common Council's refusal to acknowledge the rezoning of their property destroyed their "reasonable investment backed expectation" and rendered their property "economically nonviable" in violation of the Takings Clause of the Fifth Amendment (applied against the states through the Fourteenth Amendment). Complaint ¶¶ 20–21, Appellants' Appendix at D–8. But, the Himelsteins' complaint is premature. As the Supreme Court recently opined:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S. [264], at 297, n.

commission did act by its vote reapproving the proposed [rezoning petition] on February 23, 1981. It was then incumbent upon the council to confirm its rejection by a 75% vote if it did not wish the [proposed zoning petition] to become effective. Thus, when the council tabled its consideration of the ordinance it was not effectively preventing adop-

tion of the [petition]. Instead, pursuant to IC 18–7–4–509(a) the proposed amendment became effective at least upon the expiration of one hundred twenty (120) days after it was recertified to the council.
*Common Council, Etc. v. Fort Wayne Plan Commission*, 443 N.E.2d 843, 846–47 (Ind.App.1982) (citation and footnote omitted).

40 [101 S.Ct. 2352, at 2371, n. 40, 69 L.Ed.2d 1 (1981)]. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "'reasonable, certain and adequate provision for obtaining compensation'" exist at the time of the taking. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 124–125 [95 S.Ct. 335, 349, 42 L.Ed.2d 320] (1974) (quoting *Cherokee Nation v. Southern Kansas R. Co.*, 135 U.S. 641, 659 [10 S.Ct. 965, 971–972, 34 L.Ed. 295] (1890)).... [I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used that procedure and been denied compensation.

\*   \*   \*   \*   \*   \*

[B]ecause the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.

*Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–195, 105 S.Ct. 3108, 3120–3121, 87 L.Ed.2d 126 (1985) (citations and footnote omitted).

The Himelsteins' takings claim was dismissed, in part, because the Himelsteins had not attempted to bring an inverse condemnation suit in Indiana. The dismissal was correct. All of the circuits, including ours, that have so far interpreted *Williamson* have held that a federal takings claim is not ripe until it is apparent that the state does not intend to pay compensation. This means that the Himelsteins must bring an inverse condemnation suit in the Indiana courts before a takings claim will be ripe for prosecution in the federal arena. *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463–464 (7th Cir.1988).[2]

■ In response, the Himelsteins assert that the utilization of Indiana's inverse condemnation procedure would prove futile in their case because Indiana law does not recognize temporary, regulatory actions as constituting unconstitutional "takings." Our research has shown, however, that this is not the case. As the Himelsteins themselves concede, "Indiana has not decided whether or not a temporary taking is compensable." Appellants' Brief at 17. Moreover, an Indiana Court of Appeals recently held that governmental regulation can constitute an unconstitutional taking in violation of the Fifth Amendment *and* Article I of the Indiana Constitution. *Clem v. Christole, Inc.*, 548 N.E.2d 1180, 1183 (Ind. App.1990).[3] Because the Himelsteins have not shown that a state inverse condemnation procedure is unavailable or inadequate, their takings claim is premature.[4] Accord-

**2.** For additional court of appeals authority see, e.g., *Neighborhood Ass'n v. Planning & Zoning Com'n*, 888 F.2d 1573, 1575–1576 (11th Cir. 1989); *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1401–1402 (9th Cir. 1989); *Austin v. City and County of Honolulu*, 840 F.2d 678 (9th Cir.1988); *Cassettari v. Nevada County, Ca.*, 824 F.2d 735, 738 (9th Cir.1987); *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1456–1457 (9th Cir.1987); *Ochoa Realty Corp. v. Faria*, 815 F.2d 812, 816–817 (1st Cir.1987); *Anthony v. Franklin County*, 799 F.2d 681, 684 (11th Cir.1986); *Littlefield v. City of Afton*, 785 F.2d 596, 609 (8th Cir.1986); *Four Seasons Apartment v. City of Mayfield Lakes*, 775 F.2d 150, 151 (6th Cir.1985); *Cf. Hoehne v. County of San Benito*, 870 F.2d 529, 533 (9th Cir.1989) (takings claim ripe for review because California did not provide an inverse condemnation remedy at time of the alleged taking); *Corn v. City of Lauderdale Lakes*, 816 F.2d 1514, 1517

(11th Cir.1987) (takings claim ripe for review because Florida does not recognize inverse condemnation suits).

**3.** The Himelsteins have cited *Department of Natural Resources v. Indiana Coal Council, Inc.*, 542 N.E.2d 1000 (Ind.1989), for the proposition that Indiana would not compensate them for the alleged taking of their property. We think that the Himelsteins have misread this case. *Indiana Coal* merely applies the constitutional takings analysis recently set out by the Supreme Court in *Nollan v. California Coastal Commission*, 483 U.S. 825, 834, 107 S.Ct. 3141, 3146, 97 L.Ed.2d 677 (1987). The case does not concern the scope of cognizable inverse condemnation claims under Indiana law.

**4.** We pause here to note that, even if the Himelsteins had originally brought an unsuccessful inverse condemnation suit in the Indiana

ingly, the dismissal of the Himelsteins' takings claim for lack of jurisdiction was correct.[5]

## B. Substantive Due Process

■ The Himelsteins also allege that the Common Council deprived them of their property without due process of law, in violation of the Fifth and Fourteenth Amendments. The magistrate interpreted the Himelsteins' claim as asserting a substantive due process claim. The Himelsteins have not contested this characterization and we accept it.

The magistrate dismissed the Himelsteins due process claim for lack of finality and for failure to pursue state compensation procedures. Even if the Himelsteins' due process claim were ripe for review, it would still not survive a motion to dismiss. "[I]n order to prevail on a substantive due process claim, [the Himelsteins] must allege and prove that the denial of their proposal is arbitrary and unreasonable bearing no substantial relationship to the public health, safety or welfare." *Burrell v. City of Kankakee*, 815 F.2d 1127, 1129

(7th Cir.1987) (citing *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926)). Hence, an analysis of the Himelsteins' substantive due process claim centers upon whether they have successfully alleged that the Common Council acted arbitrarily or irrationally. *See also Harding v. County of Door*, 870 F.2d 430, 431 (7th Cir.1989).

The Himelsteins assert that the Common Council "required [them] to endure an arbitrary and capricious zoning process" by demanding that they, for example, appear before the Common Council, unlike other petitioners. Complaint ¶¶ 25–26, Appellants' Appendix at D–9. We cannot say that the actions of the Common Council were irrational or arbitrary. This court has held that government decisions motivated by local interests do not violate a plaintiff's right to substantive due process. *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 466–467 (7th Cir.1988). Requiring the petitioners in a hotly contested zoning dispute to appear before the governmental body that is largely responsible

courts, their takings claim would not prevail in federal court. The Supreme Court has held that "[i]n order to succeed with a regulatory taking claim, a property owner ordinarily must demonstrate that all or substantially all economically viable use of the property has been denied." *Herrington v. Sonoma County*, 834 F.2d 1488, 1497 (9th Cir.1987), *citing First English Evangelical Lutheran Church v. Los Angeles County*, 482 U.S. 304, 107 S.Ct. 2378, 2388, 96 L.Ed.2d 250 (1987); *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 106 S.Ct. 2561, 2568–2569, 91 L.Ed.2d 285 (1986). We think that the Common Council's refusal to issue building permits to the Himelsteins during the period in which the zoning of their land was in dispute does not amount to a deprivation of substantially all economically viable uses of their property. In fact, the most significant limitation upon the property's use apparently came not from the Common Council, but from the actions of the Himelsteins themselves. Had they not sold an option on their land to a developer they would apparently have been comparatively freer to put their property to some significant economically viable use. *See also Bello v. Walker*, 840 F.2d 1124, 1131 (3d Cir.1988) (no taking where developer retained the right to put land to a variety of other uses).

In addition, we believe that the actions of the Common Council did not constitute a taking

since any delay in the zoning change was attributable to the normal workings of governmental and legal processes. This is a question the Supreme Court specifically refrained from addressing in *First English Evangelical Lutheran Church*, 107 S.Ct. at 2389. A delay attributable to a legal challenge to zoning laws that have recently undergone extensive revision does not amount to a "taking" of property in violation of the Constitution.

5. The U.S. magistrate also dismissed the Himelsteins' takings claim on the grounds that the Himelsteins had not sought a final decision on their development plans. Because we hold that the Himelsteins' takings claim was properly dismissed for failure to seek compensation through state procedures, we need not address this issue. For similar reasons, we need not address the Himelsteins' contention that 42 U.S.C. § 1983 does not require exhaustion of state remedies. We note only that the requirement of a final decision and a resort to state compensation procedures does not constitute an "exhaustion" requirement, but rather is a necessary predicate to showing that there has been a taking of property *without just compensation*. *See Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 192–193, 105 S.Ct. 3108, 3119–3120, 87 L.Ed.2d 126 (1985).

for a rezoning decision does not seem to us to be irrational or arbitrary. In fact, it seems quite rational and thorough. Because the complaint does not allege any "irrational" or "arbitrary" acts in support of the allegation that the Himelsteins have been denied substantive due process, Magistrate Lee correctly dismissed this claim. This court is not a zoning board of appeals and is unlikely to become one on the basis of inadequate substantive due process allegations.

## C. Equal Protection

Paragraph 24 of the Himelsteins' second amended complaint alleges that

> All of the Defendants' acts were done knowingly, willfully and maliciously, with the intention of depriving Plaintiffs of the rights, privileges or immunities as secured to them by the Constitution and the laws of the United States, and particularly the right to equal protection of the law guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

Appellants' Appendix at D-9.

The magistrate dismissed this claim on the ground that the Himelsteins had failed to allege any facts in support of their claim. We agree. Even if the Himelsteins' had alleged *some* facts in support of their equal protection claim we think that the actions of the Common Council, given its lawsuit to test the revision of the zoning laws and its desire to challenge the rezoning of the Himelsteins' land, would certainly survive the requisite rationality review. Accordingly, the equal protection claim fails.

## III. Conclusion

For all the foregoing reasons and since the Himelsteins have not successfully alleged the deprivation of a constitutional right, the judgment of the United States magistrate is

AFFIRMED.