46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kim I. SCHAPER d/b/a St. Croix Enterprises and H. Joseph
Slater, Plaintiffs/Appellants,
v.
Michael J. WALLACE, et al., Defendants/Appellees.
 No. 92-2021.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Dec. 21, 1994.*
Decided: Dec. 21, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kim I. Schaper, d/b/a St. Croix Enterprises, and H. Joseph Slater, owner and manager of a certain waterfront property located in Hudson, Wisconsin, brought this Sec. 1983 suit against various city and county officials alleging that the defendants conspired to prevent them from developing the property and from using the property in the manner they desired in violation of their substantive and procedural due process, and equal protection rights. 42 U.S.C. Sec. 1983. Specifically, they alleged that the defendants improperly denied their application for assistance under the Wisconsin Development Funds[1] and requests for a building permit and variance, and refused to approve their concept plan. They also charged that the defendants fabricated building and fire code violations and did not enforce municipal ordinances against other property owners. The plaintiffs also raised several pendent state claims including malicious prosecution, invasion of privacy, and criminal trespass. The district court granted summary judgment in favor of the defendants on all federal claims, Fed. R. Civ. P. 56(c), and dismissed the pendent state claims. We affirm.
 
 
 2
 This court reviews a grant of summary judgment de novo, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), viewing the record and the inferences drawn from it in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). We will affirm if there is no genuine issue of material fact such that judgment is proper as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 3
 The plaintiffs argue that defendants' denial of their concept plan, variance and building permit requests, and application for state funding violated their substantive and procedural due process rights.[2] In order to assert a due process claim, a plaintiff must establish that he or she has a "legitimate claim of entitlement" to the right asserted. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972); New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1479 (7th Cir. 1990). The plaintiffs have no legitimate claim of entitlement to the state-provided development fund because they did not point to any definite criteria to determine eligibility, must less establish their eligibility for the funding. See Wallace v. Robinson, 940 F.2d 243, 246-48 (7th Cir. 1991) (en banc), cert. denied, 112 S. Ct. 1563 (1992). Nor have the plaintiffs established their right to receive the building permit or to have their concept plan and variance request approved. See New Burnham Prairie Homes, 910 F.2d at 1480 (plaintiff's failure to allege that it had a right or legitimate entitlement to receive building permit fatal to its due process claim); see also Polenz v. Parrott, 883 F.2d 551 (7th Cir. 1989) (stating that "where a municipal ordinance provides substantive criteria which, if met, dictate the issuance of an [occupancy] permit, an applicant who has met those criteria might assert a legitimate claim of entitlement to the permit").
 
 
 4
 But the plaintiffs have a property interest in the land and are entitled to contend that defendants' restrictions on their use of that land deprived them of property without due process. River Park, Inc. v. City of Highland Park, 23 F.3d 164, 166 (7th Cir. 1994); see also Polenz, 883 F.2d at 556-57. A zoning decision can be said to deny substantive due process if it is irrational or if it is based on considerations that violate specific constitutional guarantees. Harding v. County of Door, 870 F.2d 430, 431 (7th Cir.), cert. denied, 493 U.S. 853 (1989); Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 467 (7th Cir. 1988). In order to sustain the substantive due process claim, this court has required a plaintiff to show, in addition, that state remedies are inadequate. Hartland Sportman's Club, Inc. v. Town of Delafield, 35 F.3d 1198, 1202 (7th Cir. 1994); New Burnham Prairie Homes, 910 F.2d at 1481; Polenz, 883 F.2d at 558-59. See also Gamble, 5 F.3d at 286. The plaintiffs have failed to show that the adverse zoning decisions were motivated by invidious reasons or were arbitrary and irrational. The common council denied plaintiffs' request for a variance on the setback requirement because no "hardship or unique situation" warranted an exception to the setback regulation. The plan commission denied plaintiffs' concept plan on the ground that the architectural styles lacked consistency and compatibility. The building permit for the accessory building was denied because of plaintiffs' refusal to comply with the setback requirement. The plaintiffs complained that the zoning administrator misinterpreted the regulations in determining whether the accessory building was a "substantial attachment" to the main building. But a claim of violation or misapplication of local zoning laws is insufficient to support a substantive due process claim. Hartland Sportman's Club, 35 F.3d at 1202; Coniston, 844 F.2d at 467. At worst, the adverse zoning decisions were motivated by other property owners' self-interests -- the plaintiffs alleged that two of the defendants used their influence as members of the local business development committee to stop the development of plaintiffs' property because of their financial interests in nearby real estate. But zoning decisions are not arbitrary or irrational simply because they are based on self-interests or parochial motives. See Estate of Himelstein v. City of Fort Wayne, 898 F.2d 573, 577 (7th Cir. 1990); Coniston, 844 F.2d at 468. In any event, the plaintiffs did not pursue state remedies, and thus, their substantive due process claim cannot succeed.
 
 
 5
 As to plaintiffs' procedural due process claim, this court has said that "the procedures 'due' in zoning cases are minimal." River Park, 23 F.3d at 166. Municipalities need not use adjudicative procedures to make zoning decisions, see Coniston, 844 F.2d at 467-68, and can elect to making zoning decisions through the political process with no hearing of any kind. See Eastlake v. Forest City Enterprise, Inc., 426 U.S. 668 (1976); River Park, 23 F.3d at 166. This case does not present the situation where no reasons were given for the adverse zoning decisions, a situation that may possibly lend color to the procedural due process claim. See Coniston, 844 F.2d at 468. The plaintiffs simply did not like the reasons given by the zoning authorities. Nor is this a situation where no procedures at all were provided by the state. The plaintiffs could have appealed the denial of the variance request, resubmitted their concept plan to the plan commission for reconsideration as advised by the commission, or utilized the administrative procedures provided within the municipal code to challenge the denial of the building permit. Absent a showing that the state remedies were inadequate, their procedural due process claim must fail. See River Park, 23 F.3d at 167 ("the idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, so that the only procedural rules at stake are those local law provides, and these rules must be vindicated in local court").
 
 
 6
 The plaintiffs also assert that the defendants denied them equal protection of the law by treating them differently from other similarly situated property owners. Specifically, they allege that the fire inspector did not issue citations for observed violations on the adjoining property; that the city did not require the owner of the adjoining property, John Erickson, to construct a particular stairway; and that Erickson was granted a variance identical to the one they were denied. However, the selective enforcement of zoning and fire codes, by itself, is not a violation of equal protection. Muckway v. Craft, 789 F.2d 517, 521-22 (7th Cir. 1986); Hameetman v. City of Chicago, 776 F.2d 636, 641 (7th Cir. 1985); see also Wayte v. United States, 470 U.S. 598, 607-08 (1985); Falls v. Town od Dyer, 875 F.2d 146, 148-49 (7th Cir. 1988). To establish a constitutional claim based on violation of equal protection, a plaintiff must show disparate treatment based on an invidious reason such as sex, race or exercise of constitutional rights; discrimination based merely on individual reasons will not suffice. New Burnham Prairie Homes, 910 F.2d at 1481. The plaintiffs have failed to show that the defendants singled them out for invidious reasons.[3] Thus, their equal protection claim fails as well.
 
 
 7
 Because the plaintiffs have failed to show any constitutional deprivation, they cannot make out a prima facie case of civil conspiracy which requires, in addition to a showing of a conspiratorial agreement, an actual deprivation of constitutional rights.[4] Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.), cert. denied, 486 U.S. 1043 (1988). Accordingly, the district court's grant of summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir R. 34(f). Plaintiffs-Appellants have filed such a statement. Upon consideration of that statement, we have concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 The Wisconsin Development Funds is a program administered by the State of Wisconsin under which the state provides financing to communities that sponsor projects to improve local economic conditions
 
 
 [2]
 The plaintiffs raised for the first time in their opposition to defendants' motion for summary judgment that the defendants' zoning decisions amounted to an unconstitutional taking under the Fifth Amendment. The district court found, and we agree, that the claim was untimely and, in any event, frivolous. The plaintiffs did not assert that they were deprived of any economic value of the property. In fact, they were granted a request to rezone the property, a permit to repair the main building, and a variance to change the floor elevation. Although they were denied a building permit for an accessory building, they built the accessory building anyway. Even assuming that there was a "taking" in the constitutional sense, the plaintiffs have failed to make the prerequisite showing that they have exhausted state remedies for obtaining a compensation award or equivalent relief from the state for the alleged deprivation. See Gamble v. Eau Claire County, 5 F.3d 285, 286 (7th Cir. 1993), cert. denied, 114 S. Ct. 1096 (1994); see also Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 190 n. 11, 194-95 (1985)
 
 
 [3]
 Although the plaintiffs had raised a First Amendment claim in the district court arguing that the defendants retaliated against them for erecting a campaign sign and for initiating a state court action against some of the defendants, the district court ruled that the claim was not timely raised. The claim was not mentioned until plaintiffs' opposition to defendants' summary judgment motion. We find no abuse of discretion in the district court's ruling because the defendants were not sufficiently put on notice through the pleadings and submissions that the plaintiffs were pursuing a First Amendment claim against them. In any event, the plaintiffs have failed to establish a causal connection between the exercise of their First Amendment rights and defendants' alleged retaliatory acts. See Muckway, 789 F.2d at 521. Other than plaintiffs' blanket allegation that the defendants discouraged future tenants from leasing the disputed property after the state court lawsuit was dismissed, most of the disputes occurred before the plaintiffs erected their campaign sign and commenced the state court lawsuit
 
 
 [4]
 The plaintiffs argue that the district court erred in denying their discovery request seeking to pierce the attorney-client privilege between defendant city-attorney and other defendants. According to the plaintiffs, the information is vital to prove a conspiratorial agreement among the defendants. We find that the district court did not abuse its discretion in denying the plaintiffs' discovery request. See Powers v. Chicago Transit Authority, 890 F.2d 1355, 1359 (7th Cir. 1989). As the district court properly found, the plaintiffs did not show that there was any real or threatened constitutional deprivation. Thus, even if the privileged information were available to the plaintiffs, it would not have helped their case