**LEEPER ELECTRIC SERVICES, INC., Appellant–Plaintiff,**

v.

**CITY OF CARMEL, Appellee–Defendant.**

**No. 30A05–0509–CV–556.**

Court of Appeals of Indiana.

May 15, 2006.

Rehearing Denied Aug. 9, 2006.

---

David F. McNamar, McNamar & Associates, P.C., Indianapolis, Michael J. Tosick, Greenfield, for Appellant.

David B. Honig, Hall, Render, Killian, Heath & Lyman, P.S.C., Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Leeper Electric Services, Inc. (Leeper), appeals from the trial court's denial of its motion to file an amended complaint against appellee-defendant City of Carmel (Carmel). In particular, Leeper contends that because the trial court found that its claim brought under 42 United States Code section 1983 was premature in the original lawsuit against Carmel, the dismissal of that claim was without prejudice. Finding that Leeper is not entitled to seek section 1983 damages, we affirm the judgment of the trial court.

### FACTS

This case has been up on appeal once before, and the underlying facts, as stated in this court's previous opinion, are as follows:

> In pertinent part, Leeper Electric alleged that an approximately four-acre parcel of real estate located on the northeast corner of 131st Street and U.S. 31 in Carmel, Hamilton County, Indiana was rendered valueless as a result of the City of Carmel's implementation of a comprehensive development plan and denial of Leeper Electric's application for rezoning of the property. Leeper Electric further alleged that the City of Carmel's actions effectively de-

prived it of any legitimate use of the subject real estate and, thus, constituted a "taking" by the City of Carmel without just compensation in violation of the United States and Indiana constitutions.

On May 16, 2001, the trial court determined that the matter effected a "taking" of Leeper Electric's real estate and ordered the matter to proceed as an inverse condemnation and eminent domain action. Thereafter, the trial court appointed three appraisers to evaluate Leeper Electric's real estate in order to determine the fair market value of the property as of November 3, 2000, the date of the taking.

In November of 2002, a jury trial was held. Evidence was introduced that Leeper Electric purchased the real estate in 1996 for $100,000. The property previously had been owned by Earlham College, which had tried to sell the parcel for several years without success. Leeper Electric offered into evidence the testimony of four appraisers and the testimony of Mr. Robert Leeper, the company's owner, concerning their opinions as to the fair market value of the property. The appraisers testified to opinions of value ranging from $1,120,000 to $1,400,000. Leeper testified that in his opinion the property was worth $1,700,000. On November 22, 2002, the jury awarded damages to Leeper Electric in the amount of $675,000.

On December 13, 2002, Leeper Electric filed a Motion to Correct Errors. The trial court granted Leeper Electric's motion in part, finding that the jury award of $675,000 was inadequate and not within the bounds of the evidence. Thereafter, the trial court entered judgment for Leeper Electric in the amount of $1,120,000. On April 21, 2003, in response to Leeper Electric's Motion to Correct Judgment Entry, the trial court amended its judgment in order to allow Leeper Electric to recover prejudgment interest and litigation expenses in addition to the $1,120,000 damages award.

*City of Carmel v. Leeper Elec. Servs., Inc.,* 805 N.E.2d 389, 391–92 (Ind.Ct.App.2004), *trans. denied* (*Leeper I* ). Carmel appealed the trial court's award of $1.12 million to Leeper in *Leeper I.* We held that the jury verdict was not within the bounds of the evidence and affirmed the trial court's grant of Leeper's motion to correct error and award of $1.12 million to Leeper. *Id.* at 396–97.

During the trial in *Leeper I,* Leeper presented evidence regarding damages it sustained as a result of a permanent taking that occurred when Carmel imposed a building moratorium on the property. Leeper also presented evidence of damages stemming from a temporary taking that allegedly occurred when Carmel refused to rezone the property so that Leeper could construct hotels on the real estate. Leeper based its claim for damages from the temporary taking on 42 United States Code section 1983. The trial court granted Carmel's motions for judgment on the evidence and for a directed verdict on that claim, finding as follows:

47. In Count III, [Leeper] alleged [that Carmel] deprived [Leeper] of a constitutionally protected interest in property by arbitrarily and capriciously denying [Leeper's] proposed rezoning ordinance.

48. The evidence, considered in the light most favorable to [Leeper], is that [Leeper] was not deprived of all economic benefit of its land as a result of the denial of [Leeper's] rezoning ordinance.

49. This Court further finds that [Leeper] did not allege inverse con-

demnation by [Carmel] as a result of the aforementioned denial.

50. This Court finds that [Leeper's] § 1983 action is premature.

51. The Fifth Amendment prohibits, not the taking of property, but the taking of property without just compensation. *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 194–195, 105 S.Ct. 3108, 3120–3121, 87 L.Ed.2d 126 (1985).

52. [Leeper] alleged only a deprivation of property, not a taking without just compensation.

53. Further, before [Leeper] could proceed on a § 1983 action, it would first be required to pursue an action for inverse condemnation as a result of [Carmel's] actions in 1996. *Estate of Himelstein v. Fort Wayne*, 898 F.2d 573 (7th Cir.1990).

54. Therefore, [Carmel's] Motion for Judgment on the Evidence as to Count III is hereby granted.

Appellant's App. p. 32. The trial court also granted Carmel's motion for directed verdict with respect to Leeper's claims of "Deprivation of Civil Rights," "Tort Claims," and "Declaratory Judgment." *Id.* at 26–37. Leeper's only remaining claim was inverse condemnation, for which, as noted above, he received a $1.12 million judgment plus prejudgment interest and expenses.

On June 8, 2005, more than two years following the trial court's entry of final judgment in *Leeper I*, Leeper filed a petition for leave to file an amended complaint with the trial court. The allegations in Leeper's would-be amended complaint are virtually identical to those contained in the claims on which the trial court granted Carmel's motions for judgment on the evidence and directed verdict in *Leeper I*— "Arbitrary and Capricious Act," "Depriva-

tion of Civil Rights," "Tort Claims," and "Declaratory Judgment." *Id.* at 3–8. On July 20, 2005, the trial court denied Leeper's motion to file an amended complaint. Leeper now appeals.

## DISCUSSION AND DECISION

Leeper acknowledges that it recovered for the permanent taking that resulted from Carmel's moratorium on all building on the property in *Leeper I,* but it argues that it should now be allowed to seek damages resulting from the temporary taking that allegedly occurred when Carmel refused to rezone the property to permit Leeper to construct hotels thereon. To that end, Leeper contends that the trial court erred in denying its motion to file an amended complaint. In particular, Leeper argues that because the trial court found that its section 1983 claim was premature, its dismissal of that claim was a dismissal without prejudice such that Leeper should now be entitled to pursue that claim.

■ As we consider this argument, we observe that Indiana Trial Rule 15 governs the amendment of pleadings: "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." Amendments to pleadings are to be liberally allowed. *MAPCO Coal, Inc. v. Godwin,* 786 N.E.2d 769, 777 (Ind.Ct.App.2003). The trial court, however, retains broad discretion in granting or denying amendments to pleadings, and we will reverse only upon a showing of abuse of that discretion. *Id.* In determining whether the trial court abused its discretion, we look to a number of factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue

of the amendment, and futility of the amendment." *Palacios v. Kline,* 566 N.E.2d 573, 575 (Ind.Ct.App.1991).

■ Initially, we observe that Leeper's proffered amended complaint contains claims that are virtually identical to those that the trial court disposed of by judgment on the evidence and/or directed verdict in *Leeper I.* As Carmel points out, these claims have already been finally adjudicated. Leeper filed a motion to correct error regarding the trial court's rulings on these claims, which the trial court denied. Leeper did not appeal. Consequently, when Leeper attempted to file an amended complaint, there was nothing pending before the trial court to amend. We have previously considered whether a plaintiff may amend its complaint thirteen months after final judgment was entered by the trial court, concluding that "a plaintiff may not seek to amend his complaint after judgment unless he first has that judgment vacated or set aside under either T.R. 59 or T.R. 60." *Jackson v. Russell,* 491 N.E.2d 1017, 1019–20 (Ind.Ct.App. 1986). The Seventh Circuit addressed the issue even more pointedly: "there isn't anything left to amend. The judgment was entered. You lost. So, if that was incorrect, then you have to change that, but there is nothing left to amend." *Johnson v. Levy Organization Dev. Co., Inc.,* 789 F.2d 601, 611 (7th Cir.1986). Here, similarly, because the trial court entered final judgment on Leeper's complaint, there is nothing left to amend.

Leeper counters that the trial court's ruling was not a final judgment on the merits of its section 1983 claim. In particular, it argues that because the order notes that the section 1983 claim was "premature," Appellant's App. p. 32, the trial court was merely dismissing the claim without prejudice and holding it in abeyance for a later time.

To begin with, in examining the language of the trial court's order it is clear that its dismissal of the claim rested on multiple grounds. The trial court did find that the section 1983 claim was premature, but it also found that: (1) Leeper's claim was not supported by the evidence because the evidence established that Leeper was not deprived of all economic benefit of its land; and (2) Leeper's claim was not well-pleaded, inasmuch as Leeper did not allege inverse condemnation and alleged only a deprivation of property, not a taking without just compensation. Appellant's App. p. 32. Consequently, even if, for argument's sake, we conclude that the trial court would have otherwise held Leeper's section 1983 claim in abeyance, it is clear that its grant of Carmel's motion for judgment on the evidence rested on multiple grounds and that the judgment was final and prejudicial.

■ Finality of the judgment notwithstanding, we observe that even if the trial court had essentially dismissed Leeper's section 1983 claim without prejudice, Leeper would still not be entitled to amend its complaint. As the trial court noted, however, it is well established that before proceeding on a section 1983 action, a plaintiff must first pursue a state action for inverse condemnation. The Seventh Circuit explained that to state a sufficient section 1983 claim,

> a plaintiff must allege facts that, if believed, would show that a federal right was actually violated. 42 U.S.C. § 1983 confers no substantive federal rights; rather, it is a remedial provision designed to afford redress for state deprivation of federal rights. Hence, no § 1983 action can be maintained until a federal right has actually been violated.

*Estate of Himelstein v. City of Fort Wayne,* 898 F.2d 573, 575 (7th Cir.1990).

Here, the right at issue derives from the Just Compensation Clause of the Fifth Amendment to the United States Constitution. The United States Supreme Court described the process that must be followed in asserting a Just Compensation claim:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking ... [I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used that procedure and been denied compensation.

> \* \* \* \* \* \*

> ▇ [T]he State's action here is not "complete" until the State fails to provide adequate compensation for the taking.

*Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Thus, "a federal takings claim is not ripe until it is apparent that the state does not intend to pay compensation." *Himelstein*, 898 F.2d at 576.

Here, Leeper admittedly recovered on its inverse condemnation claim for the permanent taking. As to the temporary taking, Leeper cannot show that the State has failed to provide adequate compensation because Leeper *never brought an inverse condemnation claim* against Carmel regarding the refusal to rezone the property. Appellant's App. p. 32 (trial court's order finding that Leeper "did not allege inverse condemnation by the City of Carmel" as a result of the denial of Leeper's rezoning ordinance) [1].

Leeper contends that the trial court should have permitted its section 1983 claim to go before the jury, arguing that "[a] § 1983 action in conjunction with an inverse condemnation claim would have allowed the jury to consider and determine all of Leeper's damages in one proceeding." Reply Br. p. 5. This argument misses the point, however, inasmuch as the only inverse condemnation claim contained in Leeper's complaint was based upon the permanent taking. Leeper recovered on that claim and, consequently, would not have been entitled to a section 1983 claim for the same damages. As the complaint did not even include an inverse condemnation claim based upon the temporary taking, Leeper was not entitled to present its alleged section 1983 damages to the jury.

We do not disagree with the authority cited by Leeper supporting the proposition that under certain circumstances, a zoning regulation may effect a taking—temporary or permanent—of property such that the property owner is entitled to just compensation. *See, e.g., Lucas v. South Carolina*, 505 U.S. 1003, 1053 n. 17, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); *City of Marion v. Howard*, 832 N.E.2d 528, 531–32 (Ind.Ct. App.2005), *trans. denied*. But because Leeper never brought an inverse condemnation claim against Carmel with respect to its refusal to enact his proposed rezoning ordinance, it is not now entitled to seek section 1983 damages.

Moreover, the trial court found that the evidence established that Leeper was not deprived of all economic benefit of its land as a result of the denial of its proposed rezoning ordinance. Appellant's App. p. 10. As aptly described by Carmel, "Leeper's § 1983 complaint is not that he was

---

1. Leeper's original complaint is not included in the record on appeal.

deprived of all economic value, but merely that he was deprived of the particular use which he hoped for the property." Appellee's Br. p. 8. In any event, therefore, Leeper would not have been entitled to just compensation for Carmel's refusal to rezone the property. *Town of Georgetown v. Sewell,* 786 N.E.2d 1132, 1140 (Ind.Ct. App.2003) (holding that inverse condemnation occurs only "when the land use regulation prevents *all* reasonable use of the land") (emphasis added).

The judgment of the trial court is affirmed.

SULLIVAN, J., and MAY, J., concur.