**Elmer KASPER and Mary Kasper, Plaintiffs,**

v.

**Fred H. LARSON, Defendant.**

**No. 73-C-661.**

United States District Court, E. D. Wisconsin.

Feb. 15, 1974.

Thompson, Evans, Hostak & Clack by Kenneth F. Hostak, Racine, Wis., for plaintiffs.

Edward A. Krenzke, Racine City Atty. by Gerald R. Flynn, Deputy City Atty., Racine, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendant's motion to dismiss.

The plaintiffs, Elmer and Mary Kasper, own a parcel of real estate which is located on North Main Street in the city of Racine, Wisconsin. They seek actual and punitive damages from the defendant, Fred Larson, who is the Racine commissioner of public works. The Kas-pers claim that Mr. Larson prepared a "report of benefits" in which he "grossly overstated the benefits to plaintiffs' property . . . resulting from . . . improvements to North Main Street; that Defendant acted arbitrarily, capriciously, and knowingly in so preparing the said report. . . ."

Mr. Larson's "report of benefits" was adopted by the common council of the city of Racine on March 7, 1968, and the plaintiffs' property was specially assessed in an amount which they characterize as "grossly disproportionate to and unrelated to the plaintiffs' assessable property lying within the City of Racine. . . ."

Jurisdiction is predicated upon 28 U. S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985; the plaintiffs claim the deprivation of certain of their constitutional rights. What the plaintiffs actually seek in the instant action, however, is a vehicle by which to challenge the amount of the city's 1968 special tax assessment against their property.

■ Section 66.60(2), Wis.Stats., required the defendant Larson to prepare and file his "report of benefits" as a necessary step in the special assessment process; to that extent, he was acting "under color of state law". The remaining issue is whether, assuming *arguendo* that he prepared the report in the manner alleged by the plaintiffs, Mr. Larson's conduct is actionable under 42 U. S.C. §§ 1983 or 1985, or both. I conclude that the plaintiffs have failed to allege facts which, if proved, would constitute a showing of the deprivation of their due process or equal protection rights; accordingly, the defendant's motion to dismiss should be granted.

■ Subsection (4) of § 66.60 provides that a "copy of the (proposed improvements and assessments) report when completed shall be filed with the municipal clerk for public inspection." Subsection (7) of that statute goes on to require that public notice be given so that "all person interested . . . may appear before the governing body

. . . and be heard concerning the matters contained in the . . . report." Finally, subsection (12) provides that:

"(a) If any person having an interest in any parcel of land affected by any determination of the governing body . . . feels himself aggrieved thereby he may, within 40 days after the date of the notice or of the publication of the final resolution . . . appeal therefrom to the circuit court.

. . .

" . . . .

"(e) An appeal under this subsection shall be the sole remedy of any person aggrieved by a determination of the governing body . . . The limitation provided for in par. (a) shall not apply to appeals based upon fraud . . . discovered after such period."

The plaintiffs make no claim that the procedural provisions of § 66.60 were not adhered to during the challenged special assessment determination process. Therefore, notice and an opportunity to be heard must be assumed to have been provided in advance of that decision. Moreover, the plaintiffs are deemed to have been afforded a chance to appeal the merits of that determination. Indeed, to the extent that they allege fraudulent conduct on the part of the defendant, it appears that they could appeal that 1968 assessment even now. Under these circumstances, I believe the plaintiffs have failed to allege facts which, if proved, would indicate a deprivation of their property without due process; Mr. Larson's alleged conduct was subject to a statutory scheme providing various procedural checks. The plaintiffs have also failed to state an equal protection claim; no facts have been alleged which, if proved, would show that they were treated in a discriminatory manner.

28 U.S.C. § 1341 limits the court's power to grant *injunctive* relief restraining state officers from collecting taxes where an adequate remedy is af-

forded the taxpayer under state law. I believe that it would also be inappropriate for this court to entertain this action for damages; an adequate remedy was, and to some extent may still, remain available to these taxpayers under § 66.60 Wis.Stats. The plaintiffs have simply failed to state a cause of action under the civil rights acts. No apparent basis remains for the jurisdiction of this court with regard to the plaintiffs' challenge to the merits of a municipality's special property tax assessment.

Therefore, it is ordered that the defendant's motion to dismiss the instant action be and hereby is granted.

It is also ordered that this action be and hereby is dismissed.