Kathleen H. GAMBLE, Plaintiff–
Appellant,

v.

EAU CLAIRE COUNTY, et al.,
Defendants–Appellees.

No. 91–2499.

United States Court of Appeals,
Seventh Circuit.

Submitted July 15, 1993.

Decided Sept. 22, 1993.

Kathleen H. Gamble, Eau Claire, WI, for plaintiff-appellant.

Keith R. Zehms, Office of the Corp. Counsel, Eau Claire, WI, for defendants-appellees.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

This appeal brings before us once again the vexing question of the applicability of the doctrine of "substantive due process" to land condemnations. The plaintiff wanted to use her land for a convenience store, gas station, and car repair shop. The zoning of the property was such that she required a permit for these uses from a county authority. The authority at first granted, and then after complaints from neighbors revoked, the necessary permits and the county board of land use appeals affirmed the revocations. The plaintiff then brought this federal civil rights suit, claiming both that she had been denied just compensation for the "taking" of her property and that the taking had denied her right to substantive due process.

The due process clause of the Fourteenth Amendment has been interpreted, through absorption of the takings clause of

the Fifth Amendment, to entitle a landowner to just compensation if a state or one of its subdivisions takes his land. *Chicago, Burlington & Quincy R.R. v. Chicago,* 166 U.S. 226, 236, 17 S.Ct. 581, 584, 41 L.Ed. 979 (1897); *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 297 n. 40, 101 S.Ct. 2352, 2371 n. 40, 69 L.Ed.2d 1 (1981). And a regulation that while not actually transferring to the state the title to or possession of the land prevents the owner from deriving any economic value from its use is actionable as a taking, *Lucas v. South Carolina Coastal Council,* — U.S. —, —, 112 S.Ct. 2886, 2895, 120 L.Ed.2d 798 (1992); we may assume, though with great skepticism, *Estate of Himelstein v. City of Fort Wayne,* 898 F.2d 573, 576 n. 4 (7th Cir.1990), that this condition has been satisfied in this case. But since the right protected by the duty of just compensation is not to the land or its use but merely to the market value of what is taken, the landowner cannot complain that his constitutional right has been denied until he exhausts his remedies for obtaining a compensation award or equivalent relief from the state. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 190 n. 11, 194–95, 105 S.Ct. 3108, 3118 n. 11, 3120–21, 87 L.Ed.2d 126 (1985); *Biddison v. City of Chicago,* 921 F.2d 724 (7th Cir.1991); *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1574–75 (11th Cir.1989). Until then he cannot know whether he has suffered the only type of harm for which the just-compensation provision of the Constitution entitles him to a remedy.

■ The plaintiff could have sought judicial review of the decision by the county board of land use appeals, Wis.Stat. § 59.-99(10)—and in fact initiated a judicial review proceeding, but it was dismissed for failure of service, and apparently cannot be refiled. She could also, since the county had not proceeded under the condemnation power, have brought an inverse-condemnation suit; but she waited too long. Wis.Stat. § 32.10; *Olsen v. Township of Spooner,* 133 Wis.2d 371, 395 N.W.2d 808, 810 (Ct.App.1986). By booting her state compensation remedies she forfeited any claim based on the takings clause to just compensation. We cannot, it is

true, find any case which says that failure to pursue state compensation remedies in timely fashion forfeits a federal claim to just compensation. The cases hold that the federal claim is unripe until state remedies are exhausted. But a claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open. As recognized in other areas where exhaustion of remedies is required, an unexcused failure to exhaust forfeits the plaintiff's rights, with various exceptions not applicable here. E.g., *Nutall v. Greer,* 764 F.2d 462, 464 (7th Cir. 1985).

The plaintiff's claim that she was denied substantive due process is different, however, from her claim that she was denied just compensation. Here she is arguing not that the state owes her purchase money for compelling her to sell it land but that it is in wrongful possession of the land and must give it back, or at least give her her full common law damages, as distinct from market value, a lesser amount and the only one comprehended in the term "just compensation." *Warner/Elektra/Atlantic Corp. v. County of DuPage,* 991 F.2d 1280, 1285 (7th Cir.1993); *Coniston "Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 464 (7th Cir. 1988). It is not obvious that this alternative approach to obtaining relief in a case in which the government has taken one's property should require exhaustion of state remedies. By this approach the plaintiff is not seeking an award of compensation. Her complaint is not that she was denied an award to which state law entitled her provided she complied with the state's procedures, but that she is entitled to get her land back or its full pecuniary equivalent. *Sinaloa Lake Owners Association v. City of Simi Valley,* 882 F.2d 1398, 1404–05 (9th Cir.1989).

■ This approach has its greatest appeal when the state acts outside its eminent domain powers, for example by taking property for a private rather than for a public use. Suppose a state passed a law which said that the governor could take away a person's home and give it to his brother-in-law. It

could be argued that such a law, even if meticulously enforced in accordance with the requirements of due process in the sense of fair procedure, would, if the law were as arbitrary and unreasonable as it seemed, deprive the homeowner of property without due process of law. Statutes or other exertions of governmental power that lack a rational basis, in the sense of some connection however tenuous to some at least minimally plausible conception of the public interest, are held to violate due process even if there is no procedural irregularity; so if they deprive someone of life, liberty, or property, they give rise to a claim under the due process clause. *Pennell v. City of San Jose,* 485 U.S. 1, 11, 108 S.Ct. 849, 857, 99 L.Ed.2d 1 (1988); *Central States, Southeast & Southwest Areas Pension Fund v. Lady Baltimore Foods, Inc.,* 960 F.2d 1339, 1343 (7th Cir.1992). When land is taken for a private rather than public use, a rational basis for the government's action, it may be argued, is lacking. The fact that the landowner has an alternative right, one to just compensation, need not be decisive, when it is understood that the purpose of the just-compensation requirement is, as we explained in *Coniston Corp. v. Village of Hoffman Estates, supra,* 844 F.2d at 464, to enable government to acquire property cheap—for bare market value, extinguishing all additional value, sentimental or otherwise, that the landowner might attach to the property—on condition, however, that it is being acquired for a public and not a private use.

The example is esoteric. We can find no case in the last half century where a taking was squarely held to be for a private use. The requirement that the contemplated use be public has been severely attenuated, notably in *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 241, 104 S.Ct. 2321, 2329, 81 L.Ed.2d 186 (1984), which held that all the state had to show was a rational relation to a *conceivable* public purpose. Also, there is some authority, discussed in *Coniston Corp. v. Village of Hoffman Estates, supra,* 844 F.2d at 464–66, that the takings clause of its own force would forbid a taking for a private use, leaving no room for a claim of denial of substantive due process. See also *Wheeler v. City of Pleasant Grove,* 664 F.2d 99 (5th

Cir.1981); *A.A. Profiles, Inc. v. City of Ft. Lauderdale,* 850 F.2d 1483, 1488 (11th Cir. 1988). We need not pursue the issue here, as there is no suggestion that the taking, if that is what it should be called, of the plaintiff's property was for a private use.

■ *Midkiff* defines the public-use requirement in a manner that equates it to the requirement that a state not deprive a person of life, liberty, or property without a rational basis for doing so. This equation supports the suggestion tentatively advanced above that a taking which falls outside the takings clause (viewed as a grant of power) because it flunks the public-use test may by the same token deny substantive due process. The Supreme Court adverted to such a theory in *Williamson County Regional Planning Comm'n v. Hamilton Bank, supra,* 473 U.S. at 197–99, 105 S.Ct. at 3122–23, but did not endorse it—in fact seemed quite skeptical about it. The courts of appeals, our own included, have entertained the theory, see, e.g., *Polenz v. Parrott,* 883 F.2d 551, 557–59 (7th Cir.1989); *Himelstein v. City of Fort Wayne, supra,* 898 F.2d at 577–78; *Southview Associates, Ltd. v. Bongartz,* 980 F.2d 84, 97 (2d Cir.1992); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield,* 907 F.2d 239 (1st Cir.1990), although success under it has been rare. *Wheeler v. City of Pleasant Grove, supra,* 664 F.2d at 100; *Scott v. Greenville County,* 716 F.2d 1409, 1418–22 (4th Cir.1983); *Sinaloa Lake Owners Association v. City of Simi Valley, supra,* 882 F.2d at 1407–10; *Martin v. O'Rear,* 423 So.2d 829 (Ala.1982). The present case is not an apt vehicle for assessing its vitality. *Williamson* holds that even if a taking can be challenged as a denial of substantive due process, a suit based on this theory is premature if the plaintiff has possible state remedies against the zoning regulation or other state action that he wants to attack. 473 U.S. at 199–200, 105 S.Ct. at 3123; see also *Unity Ventures v. County of Lake,* 841 F.2d 770, 774–76 (7th Cir.1988); *Eide v. Sarasota County,* 908 F.2d 716, 726 (11th Cir.1990); *Herrington v. Sonoma County,* 834 F.2d 1488, 1494–95 (9th Cir. 1987). Although possibly very sensible as an original matter, this requirement, which all

**288**

else to one side dooms the plaintiff's substantive due process claim in this case, is in tension with the Supreme Court's refusal to require exhaustion of judicial remedies as a precondition to bringing a federal civil rights suit. *Steffel v. Thompson,* 415 U.S. 452, 472–73, 94 S.Ct. 1209, 1222–23, 39 L.Ed.2d 505 (1974); *Ellis v. Dyson,* 421 U.S. 426, 432–33, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274 (1975); cf. *Patsy v. Board of Regents,* 457 U.S. 496, 500, 102 S.Ct. 2557, 2559, 73 L.Ed.2d 172 (1982). But no matter; we have no authority to reject *Williamson.* The *Parratt* doctrine had already created one exception to the principle that exhaustion of state remedies is not required in a federal civil rights suit. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *Williamson* created another, we believe, although some courts doubt this. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1541 (11th Cir.1991); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield, supra,* 907 F.2d at 242.

Sometimes the nature of the challenge is such that there are no adequate state remedies of which the plaintiff might have availed himself. *Id.* at 242–43. Not here; if the plaintiff could have gotten the state court to overturn the revocation of her conditional permit, she would have been spared all the harm of which she complains. That is also true under still another theory, that an interference with private property which did go so far as to be a taking might still be a deprivation of property within the meaning of the due process clause, entitling the landowner to relief if the interference had been arbitrary. *Eide v. Sarasota County, supra,* 908 F.2d at 723.

Our conclusion is that whatever constitutional rights the plaintiff may have had she lost by failing to pursue her state judicial remedies.

AFFIRMED.