142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean E. MARRIS, Plaintiff-Appellant,
v.
CEDARBURG ZONING BOARD OF APPEALS, et al., Defendants-Appellees.
 No. 97-3220.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998*.
Decided March 18, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 94-C-281, C.N. Clevert, Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Jean Marris asked the Zoning Board of Cedarburg for a variance, which she did not receive. State courts ordered the zoning panels to be reconstituted to avoid any potential bias, Marris v. Cedarburg, 176 Wis.2d 14, 498 N.W.2d 842 (1993), but the Board again denied the request, and this time the state courts sustained its decision. Now Marris asks for damages under 42 U.S.C. § 1983.
 
 
 2
 One would suppose that the short and sufficient answer is res judicata (claim prectusion). Marris litigated in the state courts and, though she won a battle, lost the war. The claims now presented either were, or could have been, advanced in state court. Yet the defendants mysteriously ignore this issue, and rather than decide what power we may possess to raise it on our own we shall confront the claim on the merits.
 
 
 3
 The district court dismissed the suit after ruling that Marris's ability to sue in state court supplied all the process due under the circumstances. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Easter House v. Felder, 910 F.2d 1387 (7th Cir.1990) (en banc). Marris protests that the state courts could not (or would not) afford monetary relief for her claims--which may or may not be an accurate account of state law (state courts surely would afford monetary relief if the zoning decisions amounted to a "taking", for the Constitution requires this relief), but the argument carries little weight when the state courts have rejected the claims on the merits. At all events, Hamelin v. Vaundenberg, 95 F.3d 580 (7th Cir.1996), holds that the availability of litigation in state courts may supply the process due under the fifth amendment even if the state courts would not afford all of the relief the plaintiff seeks.
 
 
 4
 Marris also contends that the zoning decisions did not comply with "substantive due process". Parratt does not apply to substantive claims, for they do not concern the nature or timing of hearings. But many cases, of which River Park, Inc. v. Highland Park, 23 F.3d 164 (7th Cir.1994), is an example, hold that incorrect zoning decisions do not deprive owners of substantive due process. An error of state law does not violate the Constitution in the first place; and a zoning mistake so serious that it exceeds the government's substantive power to regulate would be deemed a taking, which should be addressed by an inverse condemnation action. See also Doherty v. Chicago, 75 F.3d 318, 324 (7th Cir.1996); McKenzie v. Chicago, 118 F.3d 552 (7th Cir.1997). Perhaps a decision that is so mistaken that it exceeds even the broad condemnation powers of local government--conceivably a taking for private use, see Gamble v. Eau Claire County, 5 F.3d 285, 286-87 (7th Cir.1993)--could be so ultra vires that it exceeds substantive restrictions on governmental power even if the government is willing to pay, but this case is not remotely of that kind. The question before the zoning board was whether Marris made improvements exceeding 50% of the property's value, causing it to lose its status as an existing nonconforming use. All that happened in the end was that the municipality enforced a valid zoning code against a particular parcel. Whether the Board erred in concluding that the 50% line had been crossed is irrelevant for constitutional purposes.
 
 
 5
 "Federal courts are not boards of zoning appeals." River Park, 23 F.2d at 165. It is exactly this role that Marris wants us to play, and the district court properly dismissed her suit.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)