**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HERBERT N. MORGAN, individually
and derivatively as limited partner
of Troy Street Associates Limited
Partnership and as tenant by the
entireties as common owner of 60%
of the Arlington Executive
Building; MARK W. MORGAN,
individually and derivatively as
limited partner of Troy Street
Associates Limited Partnership;
JOYCE W. MORGAN, as tenant by the

entireties as common owner of 60%
of the Arlington Executive
Building; AEB, L.L.C., a Virginia
limited liability company, as tenant
in common owner of 60% of the
Arlington Executive Building,
Plaintiffs-Appellants,

v.

ARLINGTON COUNTY BOARD OF
SUPERVISORS,
Defendant-Appellee.

No. 99-2576

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-1039-A; CA-99-1040-A)

Submitted: May 10, 2000

Decided: July 7, 2000

Before MURNAGHAN and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John E. Harrison, HARRISON & HUGHES, P.C., Alexandria, Virginia, for Appellants. James E. Fagan, III, Assistant County Attorney, Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herbert N. Morgan, individually and derivatively as limited partner of Troy Street Associates Limited Partnership and as tenant by the entireties as common owner of 60% of the Arlington Executive Building, Mark W. Morgan, individually and derivatively as limited partner of Troy Street Associates Limited Partnership, and Joyce W. Morgan, as tenant by the entireties as common owner of 60% of the Arlington Executive Building, along with AEB, L.L.C., (collectively, "the Morgans"), appeal a district court order granting the Arlington County Board of Supervisors' ("County") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Morgans claim that the County took their private property without providing just compensation in violation of the Fifth and Fourteenth Amendments. The Morgans commenced an action in state court for compensatory damages. The action was dismissed because the Morgans did not follow Virginia's statutory procedures for pursuing an action against a county for monetary damages.

The district court's grant of a motion to dismiss is reviewed de novo. See Marshall v. Cuomo, 192 F.3d 473, 478 (4th Cir. 1999). In Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473

2

U.S. 172 (1985), the Supreme Court held that a takings claim against a state is not ripe until (1) the state agency has taken final action against the plaintiff's property, and (2) the plaintiff has pursued all available remedies under state law. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195. "[A] property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation." Id.

We agree with the district court that the Morgans cannot pursue a federal cause of action for compensation after having forfeited their right to pursue an identical claim in state court. See, e.g., Gamble v. Eau Claire County, 5 F.3d 285 (7th Cir. 1993); Harris v. Missouri Conservation Comm'n, 790 F.2d 678 (8th Cir. 1986). Because they failed to follow state procedures, the Morgans did not sufficiently pursue their claim for compensation in state court. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED