In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1359

Harbours Pointe of Nashotah, LLC,

Plaintiff-Appellant,

v.

Village of Nashotah,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-CV-0753--Patricia J. Gorence, Magistrate Judge.

Argued October 31, 2001--Decided January 28, 2002

   Before Bauer, Coffey and Diane P. Wood,
Circuit Judges.

   Bauer, Circuit Judge.  Harbours Pointe of
Nashotah, LLC ("Harbours Pointe"), filed
suit against the Village of Nashotah
("Village") claiming that, under color of
law, the Village's collection of a
special assessment resulted in a taking
of Harbours Pointe's property in
violation of the rights and protections
afforded by the United States and Wiscon
sin Constitutions and 42 U.S.C. sec.
1983. The district court granted summary
judgment in favor of the Village because
Harbours Pointe failed to exhaust
adequate state remedies. We affirm the
judgment of the district court.

I.  Background

   In 1979, the Village and the Delafield-
Hartland Water Pollution Control
Commission entered into a contract for a
public works project. Under the contract,
the Village was obligated to construct a
local sewer system to provide waste water
collection service to its users. The
Village would connect the local system to
the regional system, which was
constructed, operated and maintained by
the Delafield-Hartland Commission.

   The Village took all necessary steps, as
required by law, to levy the reserve

capacity assessments to fund the project. On November 19, 1980, at a duly noticed meeting, the Village Board passed a preliminary resolution declaring its intent to levy assessments upon every parcel of land in the Village to pay for the construction of the local sanitary sewer system. A public hearing on the assessments took place on December 3, 1980, pursuant to the requirements of Wis. Stat. sec. 66.60(7). Subsequently, the Village Board adopted a final resolution levying the reserve capacity assessments for the public works project. The final resolution was published by the Village Clerk in late December 1980.

Prior to November 1996, the Village had collected sufficient assessments to pay for the entire indebtedness incurred for the public works project. Nevertheless, the Village continues to collect the December 1980 reserve capacity assessment from developers in the Village, including Harbours Pointe.

Harbours Pointe obtained property in the Village in November 1996. Before Harbours Pointe's purchase, no Village reserve capacity assessments had been collected for this property. On January 15, 1997, Harbours Pointe entered into a Developer's Agreement with the Village concerning the development of the property. The agreement provided that Harbours Pointe would "pay any legal reserve capacity assessment to be used for the costs of reserve capacity in the sanitary sewerage system and treatmentfacilities for the benefit of [Harbours Pointe]." The agreement stated, "[t]he reserve capacity assessments against the above described property shall be an amount established by the Village and the Delafield-Hartland Water Pollution Control Commission."

In accordance with the Developer's Agreement, Harbours Pointe paid the Village a total of $291,700. Of this amount, $137,000 constituted payment of the December 1980 reserve capacity assessment and is the subject of this appeal. These payments were made after the Village had collected sufficient funds to pay for the public works project for which the assessment was levied.

Harbours Pointe originally filed suit in the Circuit Court of Waukesha County,

Wisconsin. In its complaint, Harbours Pointe challenged the Village's collection of the special assessment after the debt was satisfied in 1996. Harbours Pointe claimed that it was entitled to a refund of money paid to the Village because the Village had collected $291,700 without adopting an impact ordinance in accordance with the statutory and procedural requirements of section 66.55 of the Wisconsin Statutes. Alternatively, Harbours Pointe argued that the Village, acting under color of law, had taken Harbours Pointe's property in violation of its rights under the United States and Wisconsin Constitutions and 42 U.S.C. sec. 1983. The Village removed the action to federal court, pursuant to 28 U.S.C. sec.sec. 1441(a) and 1446(b). Both parties consented in writing to magistrate jurisdiction over the matter.

The parties filed cross-motions for summary judgment. The district court denied both motions, but determined that the $137,000 paid by Harbours Pointe to the Village was not an impact fee. Rather, the district court found thisportion of the payments was the reserve capacity assessment levied by the Village pursuant to the December 1980 final assessment resolution.

Both parties later renewed their motions for summary judgment. The district court granted the Village's motion, holding that Harbours Pointe was barred from pursuing its claim against the Village because it had failed to timely pursue an adequate state court remedy. Specifically, the district court found that section 66.60 of the Wisconsin Stat utes required Harbours Pointe to file a claim contesting the assessment within 90 days of entering into the Developer's Agreement with the Village. The district court determined that section 66.60(12) of the Wisconsin Statutes provided Harbours Pointe with an adequate state remedy, and by failing to utilize this remedy, Harbours Pointe forfeited its claim. Harbours Pointe then filed this appeal.

II.  Discussion

We review the district court's grant of summary judgment de novo and we construe the evidence in the light most favorable

to the non-moving party. Summary judgment is appropriate if, after reviewing the pleadings, affidavits and other supporting materials, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Title 42 of the United States Code, section 1983, provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." To state a claim under this provision, a plaintiff must allege that he was deprived of a federal right and that the deprivation was imposed upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The Fifth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V, sec. 4. Similarly, Article 1, section 13 of the Wisconsin Constitution states that "[t]he property of no person shall be taken for public use without just compensation therefor." Wis. Const. art. I, sec. 13. A landowner is entitled to just compensation if a state or one of its subdivisions takes his land or if, without actually taking possession, a regulation prevents the owner from deriving any economic value from the land. Gamble v. Eau Claire County, 5 F.3d 285, 286 (7th Cir. 1993).

Harbours Pointe argues that the Village's actions, under color of law, in collecting the special assessment after the 1996 satisfaction of the debt for the subject public improvements resulted in a taking in violation of the United States and Wisconsin Constitutions and 42 U.S.C. sec. 1983. The Village argues that section 66.60(12) of the Wisconsin Statutes provided Harbours Pointe with an adequate state remedy and because Harbours Pointe failed to exhaust this statutory remedy, it has forfeited its right to challenge the reserve capacity

assessments. We agree with the Village.

If a state provides adequate procedures for seeking just compensation, a property owner cannot state a claim under federal law until he has used those procedures and been denied compensation. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 721 (1999). The state's action is not "complete in the sense of causing a constitutional injury unless or until the State fails to provide an adequate post[-]deprivation remedy for the property loss." Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985). Accordingly, a property owner has not suffered a violation of the Takings Clause "until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the state for obtaining such compensation." Id.

Section 66.60/1 of the Wisconsin Statutes authorizes local municipalities, such as the Village, to levy and collect special assessments for specific public works projects, provided the municipality follows the proper statutory procedures. Wis. Stat. sec. 66.60. Harbours Pointe argues that section 66.60 provides it with no substantive or procedural remedy for the taking under the circumstances of this case. We disagree.

Interpretation of a statute requires the court to look at the statute as a whole. Responsible Use of Rural and Agric. Land v. Pub. Serv. Comm'n, 619 N.W.2d 888, 901 (Wis. 2000). Section 66.60(12)(a) of the Wisconsin Statutes states that any person who feels aggrieved by any action taken by a municipality pursuant to section 66.60 may appeal therefrom, to the circuit court of the county in which the affected property is situated, within 90 days after the date of notice or publication of the final resolution. Wis. Stat. sec. 66.60(12)(a). Subsection 66.60(12)(e) provides that an appeal under section 66.60(12) "shall be the sole remedy of any person aggrieved by a determination of the governing body . . . ." Wis. Stat. sec. 66.60(12)(e) (emphasis added). In addition, section 66.60(11) states that "[i]f the cost of the project shall be less than the special assessments levied, the governing body . . . shall reduce each special assessment

proportionately and where any assessments
. . . have been paid the excess over cost
shall be applied to reduce succeeding
unpaid instalments . . . or refunded to
the property owner." Wis. Stat. sec.
66.60(11).

It is evident from the relevant portions
of section 66.60 that the statute
envisions a situation where a special
assessment levied might exceed the cost
of the project. Without citing any
authority, Harbours Pointe argues that
the Village was required to refund the
excess funds collected, and because the
Village failed to do so, section
66.60(12)(a) is not an appropriate
remedy. A clear reading of the statute,
however, demonstrates that section
66.60(12)(a) explicitly provides a
claimant with the "sole remedy" for any
complaint regarding a municipality's
collection of assessments under section
66.60. Section 66.60(12)(a) governs this
dispute between Harbours Pointe and the
Village and any contrary interpretation
of this statutory scheme would undermine
the clear intent of the Wisconsin
legislature.

A remedy must be adequate in order to
preclude a federal action asserting a
takings claim. City of Monterey, 526 U.S.
at 721. We believe that the remedies
afforded under section 66.60(12) are more
than adequate. See, e.g., Kasper v.
Larson, 372 F.Supp. 881, 883 (E.D. Wis.
1974). Indeed, under section
66.60(12)(b), any appeal is "tried and
determined in the same manner as cases
originally commenced in court and costs
awarded." Wis. Stat. sec. 66.60(12)(b).
Additionally, section 66.60(12)(d)
provides that if the court finds that any
assessment or any award of damages is ex
cessive or insufficient, such assessment
or award need not be annulled, but the
court may reduce or increase the
assessment or award of damages. Wis. Stat.
sec. 66.60(12)(d).

To its own detriment, Harbours Pointe
failed to pursue these remedies. Harbours
Pointe did not purchase property in the
Village until November 1996. Therefore,
under section 66.60(12)(a), Harbours
Pointe had no basis to contest the
special assessment within 90 days of the
December 1980 final resolution. However,
on January 15, 1997, Harbours Pointe

entered into the Developer's Agreement with the Village, in which Harbours Pointe agreed "to pay any legal reserve capacity assessments" for "the sanitary sewerage collection and treatment facilities." This agreement gave Harbours Pointe notice of the resolution and the assessment. Accordingly, the 90-day period in section 66.60(12) started running on the date that Harbours Pointe entered into this agreement and Harbours Pointe had until April 15, 1997 to challenge the assessment.

A property owner cannot "let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open." Gamble, 5 F.3d at 286. An unexcused failure to exhaust adequate statutory remedies forfeits a claimant's rights. Id. Because Harbours Pointe waited nineteen months after receiving notice of the assessment and then filed a complaint on July 16, 1998, it is now barred from recovering any refund from the Village. Harbours Pointe failed to pursue its state remedies in a timely fashion and has forfeited its right to assert a claim for just compensation under either Wisconsin or federal law. Id.

III.  Conclusion

We AFFIRM the judgment of the district court.

FOOTNOTE

/1 Section 66.60 of the Wisconsin Statutes was renumbered and repealed in part by 1999 Wis. Act 150, sections 525 to 535, effective January 1, 2001. It is now Wis. Stat. sec. 66.0703. The substance of the relevant portions of this statute remains the same. Any changes made to the statute are irrelevant to this appeal.