**DEL–PRAIRIE STOCK FARM, INC., Plaintiff,**

v.

**COUNTY OF WALWORTH, et al., Defendants.**

No. 07C0932.

United States District Court, E.D. Wisconsin.

Aug. 13, 2008.

Sara L. Gehrig, Nowlan & Mouat LLP, Janesville, WI, for Plaintiff.

Charles H. Bohl, Rhonda M. Matthews, Thomas Gonzalez, Whyte Hirschboeck Dudek SC, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

LYNN ADELMAN, District Judge.

Plaintiff Del–Prairie Stock Farm, Inc., a Wisconsin corporation, brought this action in state court against defendants Walworth County and David Graves, the Walworth County Sheriff. In its amended complaint, plaintiff asserted five claims, all arising out of an incident in which in the course of pursuing a fugitive, defendants allegedly damaged plaintiff's property. Plaintiff brought claims under 42 U.S.C. § 1983 against defendant Graves, alleging violations of the takings clause of the Fifth Amendment as incorporated into the due process clause of the Fourteenth Amendment and of substantive due process under the Fourteenth Amendment. Plaintiff also alleged several state law claims against defendant Walworth County, including a violation of the takings clause of Article I § 13 of the Wisconsin Constitution. Defendants removed the case based on plaintiff's federal takings and substantive due process claims. However, defendants now move for summary judgment, arguing, among other things, that I have no jurisdiction over plaintiff's federal law claims because under *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), they are not ripe.

Defendants' motion brings to the fore an area of jurisprudence that many commentators have criticized and one has characterized as "incoherent, contradictory, and at times, impossible to apply to real cases in a rational manner or at all." Michael M. Berger & Gideon Kanner, *Shell Game! You Can't Get There from Here: Supreme Court Ripeness Jurisprudence in Takings Cases at Long Last Reaches the Self–Parody Stage,* 36 *Urban Lawyer* 671, 671–72 (2004); *see also* Scott A. Keller, *Judicial Jurisdiction Stripping Masquerading as Ripeness: Eliminating the Williamson County State Litigation Requirement for Regulatory Takings Claims,* 85 Tex. L.Rev. 199 (2006). In *Williamson County,* the Supreme Court held that a federal court lacks subject matter jurisdiction of a federal takings claim until the plaintiff has litigated the claim in state court. This is so, according to the Court, because "the Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County,* 473 U.S. at 194, 105 S.Ct. 3108. Thus, the Court opined, before a property owner may proceed in federal court, it must seek just compensation in state court. *Id.* at 194–95, 105 S.Ct. 3108.

The requirement that a federal takings plaintiff must first litigate its claim in state court has led to a number of serious problems. First, it prevents most plaintiffs from ever litigating their claims in federal court. Title 28 U.S.C. § 1738 requires that federal courts give "full faith and credit" to state court judgments. Thus, issue preclusion bars federal court relitigation of any issue decided in a state court, and claim preclusion bars relitigation of any issue that could have been raised. These doctrines are important in connec-

tion with federal takings claims because almost every state has a compensation provision similar to the federal provision. Keller, *supra*, at 204–06. Thus, a takings plaintiff trying to get into federal court faces a "true 'Catch 22' conundrum"; it cannot bring its claim in federal court without litigating in state court, but once it litigates in state court, its federal claim is precluded. *Id.* at 204–05 (quoting Berger & Kanner, *supra*, at 677). For this reason, former Chief Justice Rehnquist suggested that the state litigation requirement established in *Williamson County* be reexamined. *San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323, 352, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005) (Rehnquist, C.J. concurring in the judgment).

■ A further problem is that the *Williamson County* Court appears to have mischaracterized the state litigation requirement as a ripeness rule when, in actuality, it strips federal courts of jurisdiction over federal takings claims. As Keller explains, the purpose of the ripeness doctrine is to ensure that a federal court does not hear a case unless the case involves a concrete injury, and the state litigation requirement does not serve that purpose. Keller, *supra*, at 208–18. This is so because a concrete takings injury can occur without state litigation. "State litigation can only prove whether a legal right was actually violated, but a concrete injury must exist *before* litigation commences." *Id.* at 214. A property owner can suffer a concrete injury—as the plaintiff in the present case allegedly did—whether or not a legal right was violated.

Although it did not mention *Williamson County*, the Supreme Court's decision in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) indicates that the state litigation requirement is not a ripeness rule. In *City of Chicago*, the Supreme Court held that a defendant can remove

"takings cases to federal court before state litigation is complete, even though such claims should be unripe under *Williamson County*." Keller, *supra*, at 211. The Court permitted removal based on the presence of a federal question.

However, under *Williamson County*, the district court could not possibly have had jurisdiction over the claim because the State Litigation prong was obviously not met. If the court lacked jurisdiction over the claim then the claim could not serve as the basis for removal. This is striking because the claim must be ripe in order for the federal court to have jurisdiction, and the court must have jurisdiction over the claim for it to be the basis for removal.

*Williamson County* and *City of Chicago* are in direct conflict. Under *Williamson County*, a regulatory takings claim is not ripe until state litigation is complete. Thus, a regulatory takings claim cannot be the basis for removal from state court because the claim will never be ripe—removal will always occur prior to the completion of state litigation. However, City of Chicago permitted a regulatory takings claim to be removed. Either City of Chicago erroneously permitted removal, or City of Chicago implicitly held that the regulatory takings claim was ripe—a sub silentio elimination of the Williamson County State Litigation prong.

*City of Chicago* overlooked the State Litigation prong because the developer could not develop the property he wanted to—a final decision denying his permits had been reached. Thus, a concrete injury was before the Court: the denial of the permit prevented the developer from developing his land. The basic rationale of the ripeness doctrine was met, and in the procedural complexities of the case, neither party nor any court mentioned the special State Litigation

prong for takings claims. At worst, *City of Chicago* is anecdotal evidence that the State Litigation prong should be scrutinized because it is a procedural outlier for ripeness tests. At best, it recognizes that the State Litigation prong is not a ripeness rule.

*Id.* at 219–21 (footnotes and citations omitted).

 Keller persuasively argues that for over twenty years, the state litigation requirement has masqueraded as a ripeness rule when it actually is a court-made doctrine which unjustifiably strips federal courts of jurisdiction over Fifth Amendment takings claims. *Id.* at 225–26. Berger and Kanner assert that the state litigation requirement has made property owners with Fifth Amendment takings claims second-class citizens. Berger & Kanner, *supra*, at 671. Both Keller and Berger and Kanner argue that the requirement should be eliminated. As a district court judge, however, I am not authorized to do this.

The same rationale applies to plaintiff's federal substantive due process claim. This is so because a substantive due process claim which involves a taking is also subject to *Williamson County's* state litigation requirement. *Gamble v. Eau Claire County,* 5 F.3d 285, 287–88 (7th Cir.1993). The fact that the present case involves a physical rather than a regulatory taking does not make a difference either because the Seventh Circuit has held that a claim involving a physical taking is also subject to the state litigation requirement. *Greenfield Mills, Inc. v. Macklin,* 361 F.3d 934, 958 (7th Cir.2004).

Thus, in the present case, the *Williamson County* state litigation requirement is unavoidable, and because it has not been satisfied, I have no jurisdiction over plaintiff's federal claims. Under these circumstances, the fairest course of action is to remand the case to state court. Plaintiff

brought the case in state court, and the only reason it is in federal court is because defendants removed it. It would be unfair to allow defendants to remove the case based on federal question jurisdiction and then to grant their motion to dismiss based on the absence of such jurisdiction. I have considered ordering defendants to reimburse plaintiffs for costs and fees attendant to removal, but plaintiffs did not oppose removal and did not seek such relief, and I will therefore not enter such an order.

Thus, for the reasons stated, pursuant to 28 U.S.C. § 1446(c), the case is remanded to state court.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to state court.