**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD V. GOSE, a single man;
CELESTE M. GOSE, a single woman,

Plaintiffs-Appellants,

v.

DOUGLAS, WYOMING; DAVE
ANGIELILLO; ROBERT
CHIAPUZIO; FRED W. DILTS, III;
BOBBE FITZHUGH; JAMES
HARDEE; SANDRA HUMPHFREY;
SHERRI MULLINNIX; FOREST H.
NEUERBURG; JOANATHON
PYNCHEN; ANTHONY REYNOLDS;
KATHY RUSSELL, also known as
Kathleen Russell; JAMES
SCHNEIDAR; BRIAN SWEENEY;
KENNETH TAYLOR; MARILYN
WARNER,

Defendants-Appellees.

No. 11-8065
(D.C. No. 1:10-CV-00189-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case is one of many unsuccessful attempts by Richard V. Gose and Celeste M. Gose to belatedly challenge the nearly decade-old decision of Douglas, Wyoming, to deny the Goses' application to subdivide their property. Indeed, "[t]he Goses' own pleadings" in state district court "indicate they knew their cause of action arose as early as December 12, 2001, or as late as September 12, 2002." R., Vol. 1 at 101 (Order Granting Defendant's Converted Motion for Summary Judgement), *aff'd*, 218 P.3d 945 (Wyo. Oct. 30, 2009)); *see also* R., Vol. 1 at 101 ("The Goses' revisionist attempt to now assert a claim within the timeline of their needs is not allowed.").

In their rambling and often repetitive federal complaint naming the City of Douglas, various City officials, and two attorneys who advised the City, the Goses take issue with the City's prerequisite for subdivision approval; namely, that the proposed subdivision's access road meet City standards prescribed by City Ordinance (*e.g.*, paved streets with curbs, gutters, and sidewalks). The Goses assert that this demand is an illegal tax levy and defendants' actions violated their rights "afforded by the 5th and 14th Amendments to the United States Constitution and title 28 USC 1345 and 1348 pursuant to 24 [sic] USC 1983." R., Vol. 1 at 12, ¶ 2(b).

Defendants filed a motion to dismiss, citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After considering the parties' filings and

hearing oral argument on the matter, the district court dismissed the Goses' claims pursuant to Rule 12(b)(1), holding the claims unripe for adjudication. In doing so, the court relied upon applicable Wyoming statutes and case law concerning actions against a governmental entity for inverse condemnation, as well as *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 337 F.3d 87 (1st Cir. 2003), and *Gamble v. Eau Claire County*, 5 F.3d 285 (7th Cir. 1993). The Goses appeal.

The parties are familiar with the facts and the extensive procedural history related to this case, the district court set forth both, and we need not restate that material here. *See Gose v. City of Douglas*, No. 10-CV-189-D, at 2-10 (D. Wyo. July 22, 2011) (unpublished). We review "de novo the district court's order of dismissal premised on lack of ripeness." *Alto Eldorado P'ship v. Cnty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir.), *cert. denied*, 132 S. Ct. 246 (2011); *see also New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (observing that "ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)"). It is the complaintant's burden to demonstrate a claim is ripe for judicial review. *See New Mexicans for Bill Richardson*, 64 F.3d at 1499.

We have undertaken a thorough review of the parties' briefs, the record, and the applicable law and conclude that the Goses have not shown any reversible

error in this case.  Accordingly, we AFFIRM the judgment of the district court

for substantially the same reasons stated in its thorough Order Granting

Defendants' Motion to Dismiss.

                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge