**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD V. GOSE and CELESTE
M. GOSE,

      Plaintiffs - Appellants,

v.

THE CITY OF DOUGLAS,
WYOMING,

      Defendant - Appellee.

No. 13-8089
(D.C. No. 1:13-CV-00110-ABJ)
(D. of Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

This case is the latest in a series of unsuccessful challenges brought by

Richard Gose and Celeste Gose against the 2001 decision of the City of Douglas,

Wyoming to deny the Goses' application to subdivide their property. The district

court granted the City's motion to dismiss, holding the suit was barred under the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

doctrine of *res judicata* because the district court had dismissed the same claim with prejudice two years before. We AFFIRM the district court's most recent dismissal of this action with prejudice.

The district court recounted the facts of the case, which need not be repeated here, but a recitation of the recent procedural history is helpful. In 2011, the district court dismissed with prejudice the Goses' Fifth and Fourteenth Amendment claims relating to the City's denial of their application to subdivide their property. The district court reasoned that, because the Goses failed to use the inverse condemnation procedure available under Wyoming law, their federal claims were not ripe. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985) (holding that a takings claim was not ripe because plaintiff had failed to exhaust its state law remedies). And, because the Wyoming Supreme Court held previously the Goses were time-barred from ever bringing an inverse condemnation claim, the district court concluded they forfeited their right to bring their constitutional claims in federal court. *See Gamble v. Eau Claire Cnty.*, 5 F.3d 285, 286 (7th Cir. 1993) ("[A] federal claim is unripe until state remedies are exhausted. But a claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open."). A panel of this court affirmed. *Gose v. Wyoming*, 478 F. App'x 524 (10th Cir. 2012).

In 2013, the Goses again brought Fifth and Fourteenth Amendment claims arising from the same 2001 denial of their application. The district court dismissed those claims with prejudice. The court held the Goses' claims were barred by *res judicata*, or claim preclusion.

"We review de novo the district court's conclusions of law on the applicability of issue and claim preclusion." *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). *Res judicata*, or claim preclusion, prohibits a party from relitigating claims that were, or could have been, raised in a previous action. *Wilkes v. Wyoming Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002). "To apply the doctrine of res judicata, three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* at 504 (internal quotation marks and alterations omitted).

The Goses argue the district court erred in holding that claim preclusion applied. They contend that because the case was dismissed for lack of jurisdiction, there was no final judgment on the merits.

The district court was correct to conclude that a dismissal with prejudice on jurisdictional grounds may have preclusive effect on future actions. Although a lack of jurisdiction is not ordinarily a basis for applying claim preclusion, issue

preclusion[1] may prevent a plaintiff from bringing an action dismissed previously for lack of jurisdiction. *See Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("[D]ismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question."); Restatement (Second) of Judgments § 12 cmt. c (1982) ("When the question of the tribunal's jurisdiction is raised in the original action, in a modern procedural regime there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion."). Consequently, a plaintiff must cure any jurisdictional defects before he can relitigate the jurisdiction issue and have his substantive claim heard. Dismissals for want of justiciability, such as dismissals based on ripeness, operate under the same principles as apply to dismissals for lack of jurisdiction generally. *See* 18A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 4436 ("The

---

[1] Issue preclusion "applies to a decision on the merits of an issue of fact or law that the parties actually litigated." *In re Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014). Issue preclusion applies when

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (internal quotation marks and citation omitted).

[prior] decision should preclude relitigation of the very issue of justiciability actually determined, but does not preclude a second action on the same claim *if the justiciability problem can be overcome*.") (emphasis added).

The district court was correct in holding the Goses are precluded from bringing their federal claims. The Wyoming Supreme Court held the appellants were time-barred from ever bringing a state inverse condemnation claim. Then, in 2012, we affirmed the district court's holding that the Goses could not bring their federal claims until they had exhausted the state inverse condemnation procedures. But, as we previously identified, the Goses cannot cure this jurisdictional defect. Thus, the district court's previous decision precludes the Goses from bringing the same claims to federal court.[2]

We AFFIRM the district court's dismissal of the case.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

---

[2] Although we decline to issue sanctions for this appeal, we endorse the district court's admonition that future filings of unmeritorious and vexatious pleadings will result in the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure.