**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014[*]
Decided July 25, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1323

| | |
|---|---|
| DAVID EVERSON and PATRICIA EVERSON, *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-00857 |
| CITY OF WEYAUWEGA, WISCONSIN, et al., *Defendants-Appellees.* | William C. Griesbach, *Chief Judge.* |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

David and Patricia Everson launched this suit under 42 U.S.C. § 1983 after disagreeing with the City of Weyauwega, Wisconsin, about who should pay to connect their home to the city's water system. The district court entered judgment against the Eversons on all of their federal claims and declined to exercise supplemental jurisdiction over claims brought under state law. We affirm the judgment.

Despite a lengthy record and jumbled mix of federal and state law claims, the relevant facts are straightforward and undisputed. The Eversons bought a 19th-century church in 2011 with the intent of converting the building into a single-family home. The building has never had running water, and the city refuses to issue an occupancy permit for a single-family home until the house is connected to city water. The Eversons paid the cost of installing a water service lateral from the building to their property line, but they assert that the city must pay the cost of extending and connecting the lateral to the water main. The city disagrees. The Eversons filed several complaints with the Public Service Commission of Wisconsin. In November 2011 the Commission's staff found that it was "reasonable and just" to charge the Eversons for connecting them to the water main, but the staff informed the Eversons that they could request that the Commission open a formal "docket" if they disagreed with the staff's finding.

The Eversons instead filed this suit in 2012 against the city and four of its officials. Their amended complaint spans nearly 90 pages (not counting the 150 pages of exhibits) and alleges that the defendants' actions violate Wisconsin law and the takings, due process, and equal protection clauses of the United States Constitution. The defendants' actions, the Eversons say, "rendered Plaintiffs' property practically worthless and/or substantially useless for all reasonable purposes."

After the parties filed cross-motions for summary judgment, the district court concluded that the Eversons' primary federal claim is based on the takings clause. The court dismissed the claim under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192–94 (1985), which holds that a federal takings claim is not ripe until the decision to "take" property is final and the plaintiff has exhausted state mechanisms for obtaining compensation. The district court didn't rule definitively on whether there was a final decision but instead based the dismissal on the exhaustion requirement because the Eversons didn't seek compensation by filing an action for inverse condemnation. *See* WIS. STAT. § 32.10. The court also concluded that *Williamson County* required dismissal of their due process claims. Addressing the

equal protection claim on the merits, the court explained that the Eversons lacked evidence of similarly situated property owners who were treated more favorably and thus granted summary judgment for the defendants on that claim. Finally, the court dismissed several § 1983 claims premised entirely on alleged violations of state law and declined to exercise supplemental jurisdiction over the Eversons' state law claims.

The Eversons moved for reconsideration, principally arguing that *Williamson County* doesn't require dismissal because, they assert, an action for inverse condemnation under § 32.10 is available only when property is physically occupied. The district court denied their motion, concluding that Wisconsin courts apply § 32.10 to regulatory takings and, moreover, that the Eversons could bring an action directly under Wisconsin's takings clause.

On appeal, the Eversons challenge the disposal of their federal claims. They argue that the city's refusal to issue an occupancy permit until the water has been connected at their expense is best characterized a "temporary regulatory taking," and for that reason, they say, § 32.10 is unavailable to them. But their characterization, even if correct, gets them nowhere because claims of temporary regulatory takings may be brought directly under Wisconsin's takings clause. *See* WIS. CONST. art. I, § 13; *Eberle v. Dane County Bd. of Adjustment*, 595 N.W.2d 730, 739 (Wis. 1999). Indeed, the Eversons include a claim under Wisconsin's takings clause in their amended complaint. This available state remedy knocks out the takings and due process claims. *See Williamson County*, 473 U.S. at 194; *Gamble v. Eau Claire County*, 5 F.3d 285, 286 (7th Cir. 1993).

The available state remedy almost certainly knocks out the Eversons' equal protection claim, too. They can't dodge *Williamson County* by recasting their takings claim as a claim under the equal protection clause. *See Patel v. City of Chicago*, 383 F.3d 569, 573–74 (7th Cir. 2004); *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994). And in any event, we agree with the district court that the claim fails on the merits. The Eversons have to show that they were treated less favorably than similarly situated property owners, and similarly situated means "identical or directly comparable to [them] in all material respects." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). All they point to on appeal is a letter from the Commission saying that the city recently has used tax funds for projects, "including Industrial Park West and TIF District #4," that involved "installations and replacements of mains and service laterals." The Eversons don't explain how they are directly comparable to the property owners affected by those projects. Nor do they mention that, according to the same paragraph of the Commission's letter, "the vast majority of the initial water service

lateral installations in the City were paid for either by subdivision developers or through special assessments to the property owners."

We have reviewed the Eversons' remaining contentions, and none has merit.

AFFIRMED.